```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :    22 Cr. 641 (PMH)
UNITED STATES OF AMERICA,                :
                                         :              ORDER
              -v-                        :
                                         :
Jeremy Williams, MESSIAH JACKSON, et     :
al.                                      :
                                         :
                      Defendants.        :
                                         X
----------------------------------------
```

PHILIP M. HALPERN, District Judge:

Donna R. Newman, Esq., counsel for Messiah Jackson, who is appointed to represent Mr. Jackson under the Criminal Justice Act, 18 U.S.C § 3006A ("CJA"), and on behalf of all other defense attorneys in this case who are similarly appointed under CJA, seeks approval for each of the CJA attorneys for the use of CJA funds to purchase a laptop for their clients to enable their clients who are detained to review discovery materials produced by the Government. Defense counsel represents that without laptops the defendants will be unable to effectively review the voluminous discovery material that the Government has produced and will produce in this case.

IT IS HEREBY ORDERED that defense counsels request for CJA funds to purchase a laptop and any subsequent external drives that may be required to provide the defendants with access to

1

the discovery (collectively, the "Electronic Device") for purposes of defendants' discovery review is granted.

IT IS FURTHER ORDERED that Counsel shall provide the Electronic Devise(s) to Dave Damo of Data Mill, to disable the wireless and printing capabilities of the Electronic Device and disable any other applications on the computer in a manner acceptable to the facility in which the defendant is lodged. Mr. Damo will send the disabled Electronic Device to the Government to inspect to ensure that the Electronic Device is disabled of applications as required by the facility in which each of the defendants are detained. The Government will load the discovery onto the Electronic Device, except the Government will not load the discovery which falls under the parties protective order. The Government will forward the loaded Electronic Device(s) to the appropriate liaison officer at the detention facility where the defendant is detained. Password protection will be loaded onto the Electronic Device(s) to prevent any user from making changes to the Electronic Device(s).

IT IS FURTHER ORDERED that the defendant shall not have access to material which is classified in the parties' protective agreement as "sensitive disclosure materials", except in the following circumstances:

1) in a meeting with defense counsel in which material on the Attorney Drive is reviewed by the defendant in the presence of counsel; or

IT IS FURTHER ORDERED that the defendant shall not download the "sensitive disclosure materials" shown to him by his attorney.

IT IS FURTHER ORDERED that the defendant may not use the Electronic Device for any purpose other than reviewing discovery materials produced in this case, for communicating with his CJA counsel, and for other communications relating to his defense in this case.

IT IS FURTHER ORDERED that no later than the conclusion of the proceedings against the defendant in the district court, whether through dismissal of the charges against the defendant or the sentencing of the defendant, the defendant shall return the Electronic Device to his counsel, who will promptly provide it to the Administrative Office of the U.S. Courts. If convicted, the defendant may not retain this laptop during any appeal.

Dated:    White Plains, New York
           March 31, 2023

_____
PHILIP M. HALPERN
United States District Judge