UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
  UNITED STATES OF AMERICA,

                          **ORDER**

  v.

                         7:22-CR-00641-1 (PMH)

  JEREMY WILLIAMS,

                Defendant.
-----------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

On October 22, 2024, Defendant Jeremy Williams pled guilty to the lesser-included offense of Conspiracy to Commit Racketeering in violation of 18 U.S.C. § 1962(d) and Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. (*See* October 22, 2024 Minute Entry). On July 15, 2025, the Court sentenced Defendant to a total term of imprisonment of 300 months. (Doc. 339). On July 30, 2025, Defendant filed a notice of appeal. (Doc. 344).

On February 20, 2026, Defendant filed a letter requesting the return of a silver iPhone 13 Pro Max, a blue Apple iPhone 12 Pro Max, a black Apple iPhone SE, and an Apple Watch. (Doc. 393). On February 27, 2026, the government filed a letter opposing the return of Defendant's property to preserve the government's ability to use the seized phones in a potential trial should Defendant prevail on his appeal or in a collateral challenge. (Doc. 395).

The government states that following Defendant's arrest on October 20, 2022, the Nassau County Police Department (the "NCPD") seized and turned over to the Federal Bureau of Investigation ("FBI") a blue Apple iPhone and an Apple Watch. The government avers that the FBI did not receive a black Apple iPhone SE from the NCPD. On December 5, 2022, the FBI arrested Defendant and seized a silver Apple iPhone.

1

Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." "[D]uring the pendency of an ongoing criminal investigation or proceeding, the defendant bears the burden of demonstrating that the government's retention of the seized property is unreasonable." *Allen v. Grist Mill Cap. LLC*, 88 F.4th 383, 396 (2d Cir. 2023). "However, once the criminal proceeding is completed, there is a presumption that non-contraband property should be returned to its owner and, thus, the evidentiary burden under Rule 41(g) shifts to the government to demonstrate that it has a legitimate reason for retaining the seized property." *Id.* (internal quotation marks omitted).

The Second Circuit has held that "[i]n the context of a Rule 41(g) motion made while a defendant's direct appeal is still pending, courts have recognized that the government has a legitimate need to retain seized materials because of the possibility of a retrial if an appeal is successful." *Id.* at 397. Accordingly, the government has demonstrated a legitimate reason for retaining Defendant's phones in light of the pending appeal.

Defendant's request to return his seized phones is DENIED. The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant at # 34729-510, FCI Berlin, Federal Correctional Institution, P.O. Box 9000, Berlin, NH 03570.

**SO ORDERED:**

Dated: White Plains, New York
     March 3, 2026

_____
Philip M. Halpern
United States District Judge